UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| SUSAN ELAINE PATRICK,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. ED CV 13-2232-DFM<br><br>MEMORANDUM OPINION AND ORDER |

　　　Plaintiff Susan Patrick ("Plaintiff") appeals the decision of the Administrative Law Judge ("ALJ") denying her applications for Social Security disability benefits. The Court concludes that the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") is supported by substantial evidence and that the ALJ did not err in assessing Plaintiff's credibility. The ALJ's decision is therefore affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

　　　Plaintiff filed applications for Social Security disability insurance and Supplemental Security Income benefits on July 14, 2011, alleging that she became disabled on January 19, 2010. In an unfavorable decision, the ALJ

found that Plaintiff had the severe impairments of diabetes, neuropathy, fibromyalgia, poly-substance dependence, and right carpal tunnel syndrome, but concluded that Plaintiff was not disabled because there was work available in significant numbers in the national and regional economy which she could perform. Administrative Record ("AR") 11-21.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ (1) properly assessed Plaintiff's RFC; and (2) properly assessed Plaintiff's credibility. See Joint Stipulation ("JS") at 3.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of

the Commissioner. Id. at 720-21.

## IV.

## DISCUSSION

**A.   The ALJ Properly Assessed Plaintiff's RFC**

Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence because the ALJ did not include sufficient functional limitations involving her upper extremities caused by her carpal tunnel syndrome. JS at 4-7. The ALJ concluded that Plaintiff was capable of performing medium work except that she is capable of only occasionally using her right hand for fingering. AR 16. Plaintiff claims that based upon her left and right carpal tunnel syndrome, the ALJ should have included in the RFC limitations in fine and gross manipulation of both hands, as well as limitations in flexion, extension, and rotation of the wrists. JS at 4-7. Plaintiff argues that, if the ALJ had included these limitations in the RFC, she would have been found disabled because she would not be able to perform any of the jobs identified by the vocational expert ("VE"). JS at 7.

A claimant's "residual functional capacity" is the most a claimant can still do despite her limitations. Smolen v. Chater, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 404.1545(a)).  An ALJ will assess a claimant's RFC based on all the relevant evidence of record and will consider all of the claimant's medically determinable impairments, whether found to be severe or not. 20 C.F.R. §§ 404.1545(a)(2), (a)(3), (e), 416.945(a)(2), (a)(3), (e). An RFC assessment is ultimately an administrative finding reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, an RFC determination is based on all of the relevant evidence, including the diagnoses, treatment, observations, and opinions of medical sources, such as treating and examining physicians. Id.

///

A claimant for disability benefits bears the burden of producing evidence to demonstrate that he was disabled within the relevant time period. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).  The existence of a severe impairment is demonstrated when the evidence establishes more than a minimal effect on an individual's ability to do basic work activities. Smolen, 80 F.3d at 1290; 20 C.F.R. §§ 404.1521(a), 416.921(a).  Furthermore, the mere existence of a condition is not per se disabling; rather there must be proof of the impairment's disabling severity. Sample v. Schweiker, 694 F.2d 639, 642-643 (9th Cir. 1982); 42 U.S.C. § 1382c(a)(3)(C)(I).

Here, Plaintiff has not met her burden of showing that she has a disabling condition. The ALJ properly considered Plaintiff's testimony and reviewed the medical evidence in detail in reaching his conclusion that Plaintiff retained the RFC to perform medium work with a limitation to occasional fingering with her non-dominant right hand. See AR 16-19. Although Plaintiff points to medical records that reference her diagnosis of and treatment for carpal tunnel syndrome in both hands, see JS at 5, Plaintiff has not pointed to any medical evidence in the record which demonstrates that her carpal tunnel syndrome, in combination with her other severe impairments, cause greater functional limitations than those found by the ALJ.

Plaintiff's citations to articles and reports regarding general symptoms caused by carpal tunnel syndrome, see JS at 6,[1] do not demonstrate that Plaintiff herself experienced any of these symptoms. Similarly, counsel's "past experience in dealing with similar cases involving carpal tunnel syndrome," JS at 7, does not provide proof that Plaintiff's carpal tunnel syndrome is of disabling severity.

---

[1] The Court notes that, despite referencing and identifying these articles as Exhibits A and B, Plaintiff has failed to attach them to the joint stipulation.

Nor does the medical evidence of record support any greater functional limitations than those assessed by the ALJ. As noted by the ALJ, the consultative examining physician, Dr. Robin Alleyne, concluded that Plaintiff had "no hand use impairment," "no fine fingering manipulation impairment," and had no limitation in lifting, carrying, pushing, or pulling. AR 18 (citing AR 476-80). Similarly, the State Agency reviewing physicians found that Plaintiff's left and right carpal tunnel syndrome was not disabling. AR 18 (citing AR 63-80, 83-100). Furthermore, as noted by the ALJ, Plaintiff's own treatment records generally indicated "'normal' findings." AR 17 (citing AR 348, 361, 363, 399, 401, 410, 445, 446, 458, 462, 768).

The ALJ properly synthesized the medical record and the conclusions of the consultative and reviewing physicians in assessing Plaintiff with an RFC for medium work with a limitation to occasional fingering with the right hand. The ALJ's RFC assessment was supported by substantial evidence in the record, and therefore, Plaintiff is not entitled to relief on this claim of error.

**B.    The ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting her subjective symptom testimony. JS at 11-18. Plaintiff testified at the administrative hearing to the following symptoms and limitations: she is unable to work because she is on 17 to 20 medications a day; she is unable to sit or stand for any length of time; she has no strength or dexterity in her hands; she is able to lift a gallon of milk but only with two hands; she has pain in her feet and ankles; her bones crack when she walks; side effects from her medication include heat sensitivity and fatigue; and she spends approximately eight hours per day lying down. AR 39-48.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter v. Astrue, 504

F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen, 80 F.3d at 1283-84 & n.8. The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id. (citations omitted).

The ALJ gave specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record. First, the ALJ noted that, despite an alleged onset disability date of

January 19, 2010, Plaintiff continued to work as a self-employed tax preparer in 2010 and 2011. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009) (upholding ALJ's adverse credibility determination in part because the claimant "recently worked as a personal caregiver for two years, and has sought out other employment since then").

Second, the ALJ noted that, although Plaintiff claimed disability beginning January 19, 2010, she told the psychiatric consultative examiner in December 2011 that she worked until April 2010. AR 17-18 (citing AR 482). At the administrative hearing, Plaintiff stated that she stopped all work in December 2011. AR 32. The ALJ was entitled to consider inconsistencies in Plaintiff's testimony in support of an adverse credibility determination. See Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

Third, the ALJ found that, despite Plaintiff's complaints of debilitating pain, she was able to care for all of her activities of daily living, including shopping, cleaning, caring for herself, paying bills, and handling her finances. AR 18 (citing AR 483). In addition, the ALJ noted that various medical records indicated that Plaintiff exercised at a "moderate" to "strenuous" level three to four times per week. AR 17 (citing AR 402, 411, 462). While it is true that "one does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), the extent of Plaintiff's activity here supports the ALJ's finding that Plaintiff's reports of her impairments were not fully credible. See Bray, 554 F.3d at 1227; Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)).

Fourth, the ALJ determined that Plaintiff was not fully credible based upon her conservative treatment history. For example, the ALJ noted that recent treatment notes dated January 28, 2013 indicate "better" pain control with current medications and no significant side effects. AR 17 (citing AR 770). "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006). The ALJ also noted that Plaintiff's doctor suggested that she did not need to return for another month, suggesting that Plaintiff is able to "physically function with current conservative, non-specialized treatment." AR 17. A conservative treatment history is a legitimate basis for an ALJ to discount a claimant's credibility. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008); see also Fair, 885 F.2d at 604 (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment").

Finally, the ALJ considered that Plaintiff's claims of disabling pain and extreme functional limitations were unsupported by the medical evidence. After extensively reviewing the record, the ALJ reasonably concluded that the medical evidence generally showed unremarkable examinations and few abnormal findings. AR 16-19. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).[2]

---

[2] In light of the multiple reasons given by the ALJ for discounting Plaintiff's credibility, the Court will not rely upon the ALJ's finding that Plaintiff was less than fully credible because she had been incarcerated on previous occasions. AR 18. Some courts have found that a claimant's past convictions involving moral turpitude may properly be considered in assessing credibility. See Cisneros v. Astrue, No. 10-4940, 2011 WL 4477279, at *3

On appellate review, this Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The written record reflects that the ALJ did just that. It is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings are supported by substantial evidence, this Court may not engage in second-guessing. See Thomas, 278 F.3d at 959; Fair, 885 F.2d at 604.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: June 30, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

---

(C.D. Cal. Sept. 26, 2011); Albridez v. Astrue, 504 F. Supp. 2d 814, 822 (C.D. Cal. 2007). Here, however, because there is conflicting testimony regarding the nature of Plaintiff's convictions and it is not clear that Plaintiff's conviction for methamphetamine possession would be considered a crime of moral turpitude, the Court finds that this is not a convincing reason for discounting Plaintiff's credibility. However, because the ALJ gave other sufficient reasons for finding Plaintiff not fully credible, any error was harmless. See Molina, 674 F.3d at 1115.